# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                          )
      v.               )     I.D. Nos. 2212011066
                          )             2205008758
MARKEL RICHARDS,    )
                          )
     Defendant.      )

Submitted: November 14, 2025
Decided: November 24, 2025

## ORDER

This 24th day of November, 2025, upon consideration of Defendant Markel Richards' ("Richards") Motion for Correction of Illegal Sentence Rule 35(a),[1] and the record in this matter, it appears to the Court that:

1. Richards pled guilty on May 1, 2023 to Illegal Gang Participation, Manslaughter, three counts of Conspiracy Second Degree, two counts of Theft of a Motor Vehicle, two counts of Assault First Degree, Attempted Assault First Degree, and Possession of a Firearm During the commission of a Felony.[2] As result of his plea, he faced a minimum mandatory sentence of 11 years at Level V and a maximum

---

[1] D.I. 20 (ID No. 2212011066); D.I. 19 (ID No. 2205008758). Subsequent references are to ID No. 2212011066.
[2] D.I. 14.

sentence of 138 years.[3]  In the plea agreement, the State agreed to recommend no more than 18 years of unsuspended Level V time.[4]  The Court sentenced him to 64 years at Level V, suspended after 21 years, for decreasing levels of supervision.[5]

2.    Richards moves for correction of an illegal sentence for a second time. In this motion, as in his first, he claims his sentence was illegally enhanced from an 11 year minimum mandatory sentence in violation of his 5th and 6th Amendment and due process rights under *Erlinger v. United States*[6] and its predecessors.[7]  As a result, he also claims that the Court "had a close [sic] mind, which creates bias, actual bias appearance of bias, judicial bias."[8]

3.    Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[9]  A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[10]  The Court may correct a sentence imposed in an illegal manner

---

[3] *Id.*
[4] *Id.*
[5] D.I. 17.
[6] 602 U.S. 821 (2024).
[7] D.I. 18.
[8] D.I. 20.
[9] Super. Ct. Crim. R. 35(a).
[10] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).

within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[11]

4.      As when it denied his first motion,[12] in this motion, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed. Nor, need the Court consider whether *Erlinger* may be retroactively applied to his case. The Court need only consult the Plea Agreement and the Sentence Order to determine Richards is not entitled to relief under either interpretation of the motion.

5.      *Erlinger* provides that "'[a] fact that increases" a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be "submitted to a jury" and found unanimously and beyond a reasonable doubt.'"[13] In Richards' case, the Court made no factual determinations that exposed him to a higher maximum or minimum sentence. It simply sentenced him within the statutory range. *Erlinger* and similar cases are not implicated. The minimum sentence to which he was exposed was 11 years and the maximum was 138. Obviously, the sentence the Court imposed was less than the maximum sentence of 138 years. The fact that Richards' sentence exceeded the minimum sentence does not implicate *Erlinger* because the Court made no finding of any fact that increased the minimum sentence

---

[11] Super. Ct. Crim. R. 35(a) and (b).
[12] *State v. Richards,* 2025 WL 1502853 Del. Super. Ct. May 27, 2025).
[13] *Erlinger* 602 U.S. at 833 (quoting *Alleyne v United States*, 570 U.S. 99, 111-113)

3

beyond 11 years. What Richards apparently fails to comprehend is that the minimum sentence acts as a floor for the imposition of sentence, not a ceiling. The range of sentences Richards faced remained between 11 and 138 years. Merely because the Court exceeded the minimum sentence it had to impose does not mean the Court had a closed mind at sentencing or that it was biased in any way against Richards. It did not and was not.

Therefore, Defendant Markel Richards' Motion for Correction of Illegal Sentence Rule 35(a) is **DENIED.**

**IT IS SO ORDERED.**

*/s/ Ferris W. Wharton*
Ferris W. Wharton, J.

oc:   Prothonotary
cc:   Joseph Grubb, Esquire, Deputy Attorney General
      Erika Flaschner, Esquire, Deputy Attorney General
      Jillian Bender, Esquire, Deputy Attorney General
      Markel Richards (SBI #00798313)
      ISO